[Crim. No. 6309.   Second Dist., Div. Three.   June 27, 1958.]

In re HAROLD DANIEL ROCK, on Habeas Corpus.

Harrison M. Dunham for Petitioner.

William B. McKesson, District Attorney (Los Angeles), Jere J. Sullivan and Ralph F. Bagley, Deputy District Attorneys, for Respondent.

SHINN, P. J.—We issued a writ of habeas corpus upon petition of an attorney authorized to act for Harold Daniel Rock which contained averments "that applicant has been held on a Warrant of Rendition issued by the Governor of the State of California, based upon a Warrant of Extradition issued by the Governor of the State of Kansas; that said Warrant of Rendition, if allowed to become effective, would permit applicant to be removed from the jurisdiction of the above entitled Court to the State of Kansas to be tried upon the alleged charge of robbery, which applicant did not and could not have committed. That applicant can prove beyond any doubt that he was not in the State of Kansas on January 28, 1957, on which date the crime was alleged to have been committed, but was in fact in the State of California during the entire months of January and February, 1957. That applicant is prepared to prove by the testimony of five witnesses that he was present in the State of California County of Los Angeles on January 28, 1957." Return was duly made and upon the hearing it was stipulated that the petition be deemed a traverse to the return. Petitioner was granted leave to file affidavits in support of the allegations of the petition and these have been duly filed and served upon the district attorney.

Presented with and as a part of the return was a requisition duly issued by the Governor of the State of Kansas addressed to the Governor of the State of California requesting the apprehension of Rock and his delivery to an agent of the State of Kansas. Attached thereto were exemplified copies of documents which in all respects complied with the require-

ments of section 1548.2 of the California Penal Code. The warrant of the Governor of California is in due form.

It appears from the documents attached to the requisition that a complaint charging petitioner and another with armed robbery in Wyandotte County, Kansas, on January 28, 1957, was sworn to by the county attorney of Wyandotte County. The application of the county attorney to the Governor of the State of Kansas certifies that in his opinion the allegations of the complaint are true and that he believes that he has sufficient evidence to secure the conviction of the fugitive and it is stated further: ''I further certify, that I have examined into the case and I am satisfied that a crime has been committed and that the person charged is the guilty person.''

It is settled law that where a warrant of rendition has been issued by the governor of this state in compliance with the requirements of section 1548.2 of the Penal Code the sole question on habeas corpus is whether the arrestee is a fugitive from justice of the demanding state.

When, as here, a county attorney of the demanding state makes oath that he has examined the evidence which caused him to swear to a complaint charging the commission of an offense by the party accused, who thereafter fled the state, and that he is satisfied that the evidence available would be sufficient to warrant the conviction of the accused, and upon the production of all documents required for extradition the governor has issued a requisition for the apprehension and delivery of the accused, the warrant of rendition issued by the governor of this state may not be denied effect on habeas corpus except upon a convincing showing by the petitioner that he is not a fugitive from justice of the demanding state.

We use the word ''convincing'' advisedly. The courts have described the required degree of proof as ''clear,'' ''clear and satisfactory,'' ''clear and invincible,'' ''substantial and convincing,'' ''conclusive,'' ''practically conclusive,'' etc. (25 Am.Jur. p. 198, 51 A.L.R. 797; 61 A.L.R. 716.) These descriptive adjectives all lead to the rule that the court must be convinced of the truth and sufficiency of the evidence offered by the petitioner. It is not convinced as long as the court remains in doubt, but when doubt that petitioner is a fugitive from justice is removed it must be held that his proof is insufficient to overcome that of the People and that the latter must prevail. It has often been said in the cases that a proper showing made by the demanding state establishes a

prima facie case but this means only that the burden is cast upon the petitioner to prove that he is not a fugitive from justice. The proof of the demanding state in due form must prevail unless it is convincingly overcome by the proof of the petitioner.

The affidavits filed by petitioner, omitting the venue and attestation, read as set out in the margin.[1] Petitioner did not file his own affidavit.

■ The district attorney requested and the court granted the privilege of filing counteraffidavits should the court consider them necessary. We have ruled that counteraffidavits will not be required. The affidavits filed in support of the petition are, in our judgment, wholly insufficient to controvert the existence of facts established by the documents upon which the Governor of Kansas issued his requisition. As evidence that petitioner was in California January 28, 1957, they are evasive and pitifully inadequate. We accord to them no probative force to substantiate the allegation of the petition

---

[1] "Affidavit of John J. D'Andrea. John J. D'Andrea, being first duly sworn, deposes and says: I met Harold Rock at the Tailspin nightclub in Hollywood. He was with a girl that I wanted to dance with. I asked her to dance and brought her back to Harold after a few dances, and she introduced him to me as her boyfriend. I said I hoped he didn't mind my dancing with his girlfriend. We got into a conversation, and she remarked what a wonderful dancer I was, and I told them that I was a professional dancer; I also told them if they would care to, that I was rehearsing a dance group for a Concert at my home, 1620½ Vista Del Mar, Hollywood, California, and they could come there to watch. Harold came down a couple of times to watch the rehearsals, and that is how we became friends. As our friendship progressed, he asked if he could move in with me and stay for a couple of weeks, and I agreed. He moved in around the 20th day of January, 1957. The date stands out in my mind, because I had paid the rent just a few days previously, and needed the money from him, which was his share of the rental. Around the 4th of February, 1957, he left for Kansas City, due to the serious illness of his mother."

"Affidavit of Gerald Robert Newton. Gerald Robert Newton, being first duly sworn, deposes and says: That I am 21 years of age and a laborer by profession. That I have known Harold Rock for about 3 or 4 years and first met him back in Kansas City, Missouri. I met him out in California in about 1955, and we have been friends and buddies since that time. To the best of my recollection and knowledge, Harold Rock and I were together many evenings during the entire month of January, 1957, and on my birthday, which is January 27th, we spent that day and evening together in and around Hollywood, California."

"Affidavit of Lazaro Marquez. Lazaro Marquez being first duly sworn, deposes and says: That I am 22 years of age, and an assembler by profession. That I have known Harold Rock since our childhood days back in Kansas City, Missouri, and we have been friends since I came to California with him in May, 1956. Harold Rock loaned me $100.00 when I first arrived here, and I paid him back this loan in Hollywood, California on or about February 1, 1957, just prior to his returning to Kansas City."

that the petitioner could prove "beyond any doubt" that he was in Los Angeles. Needless to say, when we issued our writ we anticipated a substantial showing in support of the positive allegations of the petition.

The petition is discharged, the petitioner is remanded and the sheriff of Los Angeles County is directed to deliver petitioner to an accredited agent of the State of Kansas 30 days after the filing of this opinion.

Wood (Parker), J., and Patrosso, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.